UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE LYNN VESEY,

        Plaintiff,

v.

MICHAEL ASTRUE,
COMMISIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

CASE NO. 11-10967

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND REMANDING THE CASE FOR FURTHER PROCEEDINGS**

Defendant Commissioner filed Objections (Doc. 20) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 17) issued in Plaintiff Yvonne Vesey's action challenging the Commissioner's denial of her application for a period of disability and disability insurance benefits. In the R&R, the Magistrate Judge recommended the Court deny Defendant's motion for summary judgment (Doc. 14), grant in part Plaintiff's motion for summary judgment (Doc. 11), and remand the case for further proceedings. For the reasons that follow, the Court **OVERRULES** Defendant's objections, **ADOPTS** the R&R, **DENIES** Defendant's motion, **GRANTS** in part Plaintiff's motion, and **REMANDS** the case for further proceedings consistent herein.

    **I.**    **BACKGROUND**

Plaintiff filed for disability and disability insurance benefits on April 9, 2007, alleging that she became disabled in July, 2001. (Doc. 17 at 2). After her claim was

denied, a hearing was held on September 11, 2009, in which the ALJ concluded that Plaintiff was not disabled. (Id.) The Appeals Council denied Plaintiff's request for review. (Id.) On March 11, 2011, Plaintiff filed a civil action in this Court challenging the ALJ's denial of benefits.

After both parties filed motions for summary judgment, the Magistrate Judge issued a Report and Recommendation ("R&R") denying Defendant's motion, granting in part Plaintiff's motion, and remanding the case. (Doc. 17). The Magistrate Judge noted that although a residual functional capacity ("RFC") already existed from Plaintiff's past claim, the ALJ calculated a new RFC based on "some objective medical documentation of change in the claimant's testimony and the new evidence bearing on the claimant's condition," without providing a discussion of said evidence. (Doc. 6 at 27). Defendant timely objected to the R&R arguing the ALJ's decision adequately articulated the connection between the evidence and the RFC. (Doc. 20).

## II.     STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the

final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### III. ANALYSIS

Social Security Ruling 96-8 provides, in relevant part:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e. 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudication must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

In the administrative decision, the ALJ noted that Plaintiff had already filed a prior Title II application in which a RFC was formulated for that particular claim. (Doc. 6 at 27). The ALJ may formulate a new RFC if there is a change in the condition of the claimant, and there is new evidence that supports a basis for such a finding. Drummond v. Comm'r Soc. Sec., 126 F.3d 837, 842 (6th Cir. 1997) ("When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances."). The ALJ formulated a new RFC for Plaintiff, but failed to adequately describe the change in circumstances or new evidence in support of her decision to formulate a new RFC. The sole basis provided was that "[t]here is some objective medical documentation of change in the claimant's condition since September 2, 2004." (Doc. 6 at 27).

3

Defendant argues that the narrative discussion need not be extensive, and it is sufficient as long as the court can trace the path of the ALJ's reasoning. Stephens v. Heckler, 766 F.2d 284, 287-88 (7th Cir. 1985). If there is "a logical path to a conclusion supported by substantial evidence . . . the ALJ [need] not articulate it in so many words [because] the statute does not require full explanation." Id. at 288. Defendant cites the paragraphs following the RFC as support that the ALJ did, in fact, provide a narrative discussion of the evidence in support of the new RFC. (Doc. 6 at 27-29). While this may be true, it is not the ultimate issue.

The issue is not whether the ALJ provided a narrative discussion detailing the formulation of the new RFC, but the manner in which the ALJ determined that a new RFC was necessary. Because an ALJ is bound by a claimant's previous RFC, a new formulation is not permitted unless the ALJ discovers changed conditions and new supporting evidence. Here, the ALJ formulated a subsequent RFC, and failed to detail the evidence in support of changed conditions. Thus, the Magistrate Judge found a lack of support for the ALJ's determination that a new RFC was warranted. (Doc. 17 at 20) ("The ALJ did calculate a new, more restrictive RFC, both with regards to Plaintiff's physical and mental capability assessments. And so the Court would expect some sort of explanation as to how and why the ALJ reached a new conclusion with respect to Plaintiff's limitations."). Thus, remand is appropriate in order for the ALJ to provide a narrative discussion detailing the record evidence in support of a new RFC formulation.

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendant's objections (Doc. 20), **ADOPTS** the R&R (Doc. 17), **DENIES** Defendant's motion for summary

4

judgment (Doc. 14), and **GRANTS** in part Plaintiff's motion for summary judgment (Doc. 11).

Accordingly, **IT IS HEREBY ORDERED** that this matter be **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


                    s/Marianne O. Battani
                    MARIANNE O. BATTANI
                    UNITED STATES DISTRICT JUDGE


DATE: September 27, 2012

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF Filing System.

                    s/Bernadette M. Thebolt
                    Case Manager